**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **BILLINGNETWORK PATENT, INC.,** | Case No.: |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| **THERASOFT ONLINE, INC.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

Plaintiff Billingnetwork Patent, Inc. complains of Defendant Therasoft Online, Inc. as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Billingnetwork Patent, Inc. ("BNP") is a Florida corporation that has its principal place of business at 2519 Riverview Boulevard, Bradenton, Florida 34205.

3. BNP is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,374,229, entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," which issued on April 16, 2002 (the "'229 Patent") (a true and correct copy is attached as Exhibit A).

4. BNP has the exclusive right to license and enforce the '229 Patent and to collect all damages for infringement. BNP also has standing to sue for infringement of the '229 Patent.

- 2 -

5. Upon information and belief, Therasoft Online, Inc. ("Therasoft") is a Georgia corporation with its principal address at 5805 State Bridge Road, Suite G-175, Johns Creek, Georgia 30097 and a listed registered agent of David R. Tillis, 5805 State Bridge Road, Suite G-175, Johns Creek, Georgia 30097.

6. Defendant Therasoft claims to be "100% Web based," "comprehensive practice management software designed for mental health providers."

7. According to Therasoft's website, "Therasoft Online clients include psychologists, psychiatrists, social workers, marriage and family therapists nationwide: from Hawaii to New York and Alaska to Florida."

## JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

9. Defendant owns, operates and conducts business through their website [therasoftonline.com](therasoftonline.com) in this judicial district and throughout the United States.

10. This Court has personal jurisdiction over the Defendant because the Defendant operates and conducts business through the interactive website [therasoftonline.com](therasoftonline.com) in the state of Florida and offer for sale and sell services that are covered by the claims of the '229 Patent in this judicial district.

11. Therasoft is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Florida such that it should reasonably and fairly anticipate being haled into court in Florida.

12. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,374,229

13. BNP realleges and incorporates by reference paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. Therasoft owns the website therasoftonline.com and/or related URLs.

15. Therasoft operates the website therasoftonline.com and/or related URLs.

16. Therasoft provides on its website therasoftonline.com and/or related URLs its Therasoft software (a.k.a. practice management software for therapists).

17. Therasoft's software includes one or more database servers.

18. Therasoft provides a homepage accessible through the internet by users of the Therasoft software.

19. Therasoft provides a homepage which provides access to the one or more database servers to users of the Therasoft software.

20. Therasoft provides a homepage which a user must enter a user ID and password to obtain access to the user's account.

21. Therasoft provides a homepage which a user must enter a user ID and password to obtain access to the user's account, thereby providing only secure access to the system.

22. The Therasoft system includes a means for providing electronic transfer of billing and data entry forms to a user.

23. The Therasoft system produces billing invoices and statements to clients and customers of the user.

24. The Therasoft system provides a user with a means to view and query data and billings information in the one or more database servers.

25. The Therasoft system includes a PC type computer electronically connected to the one or more database servers.

## Claim 1

26. Upon information and belief, the Therasoft system, as implemented by Defendant and/or its subsidiaries incorporates an integrated internet facilitated billing, data processing, and communication system comprising, in accordance with the limitations of claim 1 of the '229 Patent.

27. Upon information and belief, the Therasoft system, as implemented by Defendant and/or its subsidiaries, performs each of the limitations of claim 1 of the '229 Patent by incorporating:

> a database server and a home page of a website which provides access via an internet service provider (ISP) to said database server by a plurality of browser-based subscribers each of which have electronic access to said home page via a modem and the ISP;
>
> said home page providing only secure access by each browser-based subscriber to one of a plurality of subscriber areas within said system;
>
> means for providing electronic transfer of substantially only billing and data entry forms to the browser-based subscriber upon request, data entered on said forms, when electronically returned to a corresponding said subscriber area, then entered into said database server, said database server then, utilizing an appropriate application software thereon, producing billing invoices and statements to clients and customers for each corresponding browser-based subscriber;

means for providing real time electronic viewing and query access of data and billings stored in said database server by each corresponding browser-based subscriber;

a PC type computer electronically connected to said database server for controlling said forms as required and responding to queries entered by each browser-based subscriber.

28. Therasoft has directly infringed and continues to directly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering for a license to use the Therasoft system.

29. Therasoft has indirectly infringed and continues to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of the claim. Therasoft has had knowledge of the '229 Patent by at least as of the filing of this complaint. Therasoft has knowingly and actively induced infringement of Claim 1, for example, by creating, providing and promoting its [therasoftonline.com](therasoftonline.com) website, and by instructing, aiding, assisting and encouraging the use, purchase and/or license of its Therasoft system in a manner that infringes Claim 1 of the '229 Patent. The direct infringers of those claims that are being induced by Therasoft include, without limitation, its customers, clients, subscribers and/or users that use, purchase and/or license its Therasoft system.

30. Therasoft has also indirectly infringed and continues to indirectly infringe Claim 1 of the'229 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using its Therasoft system and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the us, purchase and/or license of its Therasoft system, which constitutes a material part of the patented system of Claim 1 of the '229 Patent,

which Therasoft knows is especially made or adapted for use in an infringement of Claim 1 of the '229 Patent, and which is not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Therasoft's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, clients, subscribers and/or users that use, purchase and/or license its Therasoft system.

31. The acts of infringement of the '229 Patent by Therasoft have injured BNP, and BNP is entitled to recover damages adequate to compensate it for such infringement from Therasoft, but, in no event less than a reasonable royalty.

32. Further, the acts of infringement of the '229 Patent by Therasoft have injured and will continue to injure BNP unless and until this Court enters an injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent.

33. Therasoft has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '229 Patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

34. To the extent required by law, BNP has complied with the provisions of 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Billingnetwork Patent, Inc. respectfully requests this Court to enter judgment against Defendant Therasoft Online, Inc. and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

B.	An award of damages against Defendant adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest from the date infringement began;

C.	A judgment that Plaintiff is entitled to discretionary enhancement of its damages and other relief provided by 35 U.S.C. § 284;

D.	A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided under 35 U.S.C. § 285;

E.	A permanent injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the 'asserted patent; and

F.	Such other relief that Plaintiff is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: February 12, 2015                                  Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller – **Trial Counsel**
Florida Bar ID Number: 0018595
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com

*Attorney for Plaintiff, Billingnetwork Patent, Inc.*